# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM J. GRADFORD,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>LIGNOSKI, et al.,<br><br>　　　　Defendants. | **Case No. 1:17-cv-00792-JLT (PC)**<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO STAY THEACTION FOR SIX MONTHS**<br><br>**(Doc. 7)** |

On June 23, 2017, Plaintiff filed a motion requesting a six month "leave of absence" from this litigation. Plaintiff states that there is an investigation into a deputy's wrongful actions against him and he requires time to obtain counsel to prove the "complete truthfulness" of his allegations. This is construed as a motion to stay this action.

A district court has the inherent power to stay its proceedings. This power to stay is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co*., 299 U.S. 248, 254 (1936); *see also Gold v. Johns-Manville Sales Corp*., 723 F.2d 1068, 1077 (3d Cir.1983) (holding that the power to stay proceedings comes from the power of every court to manage the cases on its docket and to ensure a fair and efficient adjudication of the matter at hand). This is best accomplished by the "exercise of judgment, which must weigh

1

competing interests and maintain an even balance." *Landis*, 299 U.S. at 254–55. In determining whether a stay is warranted, courts consider the potential prejudice to the non-moving party; the hardship or inequity to the moving party if the action is not stayed; and the judicial resources that would be saved by simplifying the case or avoiding duplicative litigation if the case before the court is stayed. *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir.1962). The Ninth Circuit "has sustained or authorized in principle *Landis* stays on several occasions," *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir.2005), none of which apply here.

It is understandable that Plaintiff may prefer to prosecute this action with the assistance of counsel. However, he has not shown any basis to find that he is unable to litigate his case at this time. Plaintiff has not shown that any further investigation is required, or that any delay in this ligation is warranted here. Thus, the Court declines to stay these proceedings.

Accordingly, Plaintiff's motion for a six month stay (Doc. 6), is **DENIED**.

IT IS SO ORDERED.

Dated: **July 7, 2017**             **/s/ Jennifer L. Thurston**
                                                          UNITED STATES MAGISTRATE JUDGE