# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM J. GRADFORD,<br><br>    Plaintiff,<br><br>    v.<br><br>LIGNOSKI, et al.,<br><br>    Defendants. | Case No. 1:17-cv-00792-JLT (PC)<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO PROCEED** *IN FORMA PAUPERIS* **and DISMISSING ACTION WITHOUT PREJUDICE**<br><br>**(Docs. 2, 6)** |

Plaintiff filed a motion to proceed *in forma pauperis* in this action. Plaintiff's motion indicates that he receives "SSI, $937.00 monthly, last received Dec. 1, 2016." (Doc. 2, p. 1.) Further, the certificate from the authorized officer at the institution of his incarceration indicates that during the six months prior to Plaintiff filing this action, the average monthly deposits to his trust account was $302.45. (*Id.*, p. 2.) Thus, on June 13, 2017, the Court ordered Plaintiff to show cause why his motion to proceed *in forma pauperis* should not be denied since it did not appear that Plaintiff met the poverty requirements. (Doc. 4.) Plaintiff responded to that order by filing another IFP application indicating that the average monthly deposits to his account during the prior six months was $279.54. (Doc. 6.) A $20 difference in the average monthly deposits is insufficient to establish Plaintiff's poverty.

Proceeding "*in forma pauperis* is a privilege not a right." *Smart v. Heinze*, 347 F.2d 114, 116 (9th Cir. 1965). Though a party need not be completely destitute to proceed *IFP*, *Adkins v.*

1

*E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339-40 (1948), "the same even-handed care must be employed to assure that federal funds are not squandered to underwrite, at public expense, either frivolous claims or the remonstrances of a suitor who is financially able, in whole or in material part, to pull his own oar." *Doe v. Educ. Enrichment Sys.*, No. 15cv2628-MMA (MDD), 2015 U.S. Dist. LEXIS 173063, *2 (S.D. Cal. Dec. 30, 2015) (citing *Temple v. Ellerthorpe*, 586 F. Supp. 848, 850 (D.R.I. 1984)). "[T]he court shall dismiss the case at any time if the court determines the allegation of poverty is untrue." 28 U.S.C. § 1915(e)(2)(A). It appears that Plaintiff has had sufficient funds over the last several months to be required to pay the filing fee in full to proceed in this action.

Accordingly, Plaintiff's motions to proceed *in forma pauperis* are **DENIED** and this action is **DISMISSED** without prejudice to refiling with prepayment of the filing fee. The Clerk of the Court is directed to close this action.

IT IS SO ORDERED.

Dated: **August 1, 2017**  /s/ Jennifer L. Thurston
UNITED STATES MAGISTRATE JUDGE