# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM J. GRADFORD,<br><br>　　Plaintiff,<br><br>　v.<br><br>LIGNOSKI., et al.,<br><br>　　Defendants. | Case No. 1:17-cv-00792-JLT (PC)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**<br><br>**(Doc. 12)** |

## I. INTRODUCTION

On August 2, 2017, the Court denied Plaintiff's application to proceed *in forma pauperis* because he was not impoverished. (Docs. 9, 10.) Thus, the Court dismissed the action without prejudice to allow Plaintiff to refile it along with the prepayment of the filing fee. Id. On September 15, 2017, Plaintiff filed a copy of the CM/ECF notice of electronic filing of the order that dismissed this action on which Plaintiff wrote a note requesting the action be reopened and reassigned to different judges because they have related three other actions Plaintiff has filed in this Court. (Doc. 12.) This is construed as a motion for reconsideration of the order which was the basis for dismissal of this action and entry of judgment and is DENIED for the reasons delineated below.

## II. DISCUSSION

The history that led up to dismissal of this action is straightforward. On June 13, 2017, the Court issued an order for Plaintiff to show cause why his motion to proceed *in forma pauperis* should not be denied because he was not impoverished. (Doc. 4.) Plaintiff responded to that

1

1  order by filing another IFP application indicating a $20 difference in the monthly deposits to his
2  inmate trust account. (Doc. 6.) The Court found this to be insufficient to establish Plaintiff's
3  poverty and dismissed the action without prejudice to refiling upon prepayment of the filing fee.
4  (Doc. 9.)

Rule 60(b) of the Federal Rules of Civil Procedure provides that "[o]n motion and upon such terms as are just, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud . . . , misrepresentation, or misconduct by an opposing party; . . . or (6) any other reason justifying relief from the operation of judgment." Motions under Rule 60(b) "must be made within a reasonable time -- and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding."

Relief under Rule 60 "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances" exist. *Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted) (addressing reconsideration under Rules 60(b)(1)-(5)). The moving party "must demonstrate both injury and circumstances beyond his control . . . ." *Id.* (internal quotation marks and citation omitted). Further, Local Rule 230(j) requires, in relevant part, that Plaintiff show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown" previously, "what other grounds exist for the motion," and "why the facts or circumstances were not shown" at the time the substance of the order which is objected to was considered.

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the [ ] court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," and it "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted) (emphasis in original).

Plaintiff's belated desire to combine his allegations in this action with other actions he has

filed do not equate to showing new or different circumstances, commission of clear error, or an intervening change in the controlling law. In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 303, this Court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, the Court finds the order which dismissed this action, on August 2, 2017, to be supported by the record and proper analysis.

### III.  ORDER

Accordingly, it is **ORDERED** that Plaintiff's request to reopen and reassign the case, filed on September 15, 2017, (Doc. 12), is **DENIED**.

IT IS SO ORDERED.

Dated: __**October 16, 2017**__         _____**/s/ Jennifer L. Thurston**  
                                                            UNITED STATES MAGISTRATE JUDGE